[S.F. No. 23773. May 25, 1978.]

ARNOLD ADDISON et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

E. Day Carman and Carman & Mansfield for Plaintiffs and Appellants.

M. F. Hallmark and O'Connor, Cohn, Dillon & Barr as Amici Curiae on behalf of Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Robert L. Bergman, Assistant Attorney General, Leonard M. Sperry, Jr., and Dennis G. Fry, Deputy Attorneys General, Hoge, Fenton, Jones & Appel and Charles H. Brock for Defendants and Respondents.

**OPINION**

**RICHARDSON, J.—** ██ Under the circumstances of this case we will conclude that the filing of an action in the United States District Court suspends the running of the six-month limitations period (Gov. Code, § 945.6; all further statutory references are to that code unless otherwise indicated) within which suits must be brought against public entities in state courts.

Plaintiffs originally filed a tort action against defendants, the State of California and the County of Santa Clara, in federal court, alleging violations of both state and federal law. After defendants moved to

dismiss the federal action for lack of jurisdiction and after the expiration of the six-month period provided in section 945.6, plaintiffs filed the present action in the Santa Clara County Superior Court. Upon defendants' motion, the federal suit was dismissed shortly thereafter, without prejudice to the prosecution of the superior court proceeding. The superior court then sustained defendants' subsequent demurrer to the Santa Clara County action because of the late filing of the complaint presently before us and notwithstanding the fact, which all parties acknowledge, that plaintiffs had filed the federal action in timely fashion. Plaintiffs appeal.

We will apply the well established doctrine of "equitable tolling." The six months' limitation period on suits against public entities having been suspended during the period in which plaintiffs' claims were pending in the federal tribunal, plaintiffs' present action in state court is deemed timely filed. The judgment of the trial court will be reversed.

The Tort Claims Act (§ 810 et seq.) describes the specific steps which must be taken before a civil action for money or damages may be brought against a public entity. First, plaintiff must present a claim (§§ 905, 905.2, 915) to the appropriate agency within 100 days after accrual of the cause of action (§ 911.2). Thereafter, the agency has 45 days within which to accept or reject the claim (§ 911.6). If the claim is rejected in writing (§ 913), plaintiff has six months thereafter within which to bring a court action (§ 945.6). It has been held that "The prescribed statutes of limitations for commencement of actions against the state 'are mandatory and must be strictly complied with . . . .' [Citations.]" (*Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833].) ▮ As will appear, however, occasionally and in special situations, the foregoing statutory procedure does not preclude application of the equitable tolling doctrine, the purpose of which is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.

▮ The complaint herein alleges the following facts: Plaintiffs, whose business was the sale of automobiles at auction, were investigated by state and county officials for allegedly fraudulent practices in the conduct of these sales. On March 11, 1975, officers of the Department of Motor Vehicles and the deputy district attorney of Santa Clara County (also named as defendants herein) allegedly entered plaintiffs' place of business in San Jose and, pursuant to a search warrant, seized numerous records. No criminal proceedings were thereafter instituted. Defendants

publicized this raid and made available to the news media the contents of the warrant and supporting affidavits. Plaintiffs assert that defendants' action was improper and constituted defamation, abuse of process, and conversion.

Plaintiffs filed timely damage claims with both the state and county pursuant to the provisions of the Tort Claims Act referred to above. These claims were rejected on May 22 and May 27, 1975, respectively. Each letter of rejection included the admonition required by the act (§ 913) that: " 'WARNING . . . you have only six (6) months from the date [of service of this notice] to file *a court action* on this claim.' " (Italics added.)

Three and one-half months later, on September 11, 1975, plaintiffs filed a complaint in the United States District Court, Northern District of California, alleging both a federal civil rights violation and, on the basis of the federal court's pendent jurisdiction, the state law causes of action for defamation, conversion, and abuse of process for which claims had been filed and rejected. On November 26, 1975, defendants moved to dismiss this action for lack of jurisdiction. On February 9, 1976, plaintiffs, anticipating an adverse ruling on the motion, filed their complaint in the present Santa Clara County action. The federal court granted the motion to dismiss on February 17, 1976, after determining that a federal civil rights action would not lie against public entities. Having dismissed the federal causes of action, the court decided not to retain the state causes of action and dismissed them, allegedly without prejudice to refiling in state court.

■ It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. "[T]he right to be free of stale claims in time comes to prevail over the right to prosecute them." (*Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 349 [88 L.Ed. 788, 792, 64 S.Ct. 582]; see also *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424, 428 [13 L.Ed.2d 941, 945, 85 S.Ct. 1050].) The statutes, accordingly, serve a distinct public purpose, preventing the assertion of demands which through the unexcused lapse of time, have been rendered difficult or impossible to defend. ■ However, courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.

(*Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482, 490 [107 Cal.Rptr. 777, 509 P.2d 689]; *Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435, 437 [58 Cal.Rptr. 105, 426 P.2d 505]; *Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 391-394 [29 Cal.Rptr. 657, 380 P.2d 97]; *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615, 617-619 [275 P.2d 456]; *Anderson* v. *City of Los Angeles* (1973) 30 Cal.App.3d 219, 226 [106 Cal.Rptr. 299]; *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 634 [86 Cal.Rptr. 198].)

In like fashion and more recently, in *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839], we unanimously held that the statute of limitations on a personal injury action is tolled while plaintiff asserts a workers' compensation remedy against defendant. In such a case, we noted, defendant can claim no substantial prejudice, having received timely notice of possible tort liability upon filing of the compensation claim, and having ample opportunity to gather defense evidence in the event a court action ultimately is filed. We also noted the long settled rule that whenever exhaustion of administrative remedies is a prerequisite to a civil action the running of the limitations period is suspended during the administrative proceedings (*Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800]) and we stated that "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' [Citations.]" (*Elkins* v. *Derby, supra,* at p. 414; see also *Mize* v. *Reserve Life Ins. Co.* (1975) 48 Cal.App.3d 487, 492-494 [121 Cal.Rptr. 848].)

Similarly, in *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], plaintiff had filed in a timely manner a previous action against an insurer but the action had been improperly dismissed as premature under the terms of the insurance policy. Plaintiff promptly filed a new action, but by then the period of limitations had run. Nevertheless, we allowed the action, based upon the broad policy which is implicit in Code of Civil Procedure section 355, permitting the plaintiff to file a new action within one year if a judgment in his favor is reversed on appeal.

The rule announced in *Bollinger* is a general equitable one which operates independently of the literal wording of the Code of Civil Procedure. As we observed in that case: "[T]his court is not powerless to

formulate rules of procedure where justice demands it. Indeed, it has shown itself ready to adapt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." (*Bollinger* v. *National Fire Ins. Co., supra,* at p. 410; see also *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 269 [104 Cal.Rptr. 761, 502 P.2d 1049] [defendants put on notice of litigation and plaintiffs promptly refiled action in proper court]; *Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366 [64 Cal.Rptr. 273] [defendant had timely notice of similar proceedings in another state]; cf. *Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353, 361 [142 Cal.Rptr. 696, 572 P.2d 755] [specifying *Bollinger's* prerequisites].)

As demonstrated by *Bollinger* and *Elkins,* application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff. ▮ These elements seemingly are present here. As noted, the federal court, without prejudice, declined to assert jurisdiction over a timely filed state law cause of action and plaintiffs thereafter promptly asserted that cause in the proper state court. Unquestionably, the same set of facts may be the basis for claims under both federal and state law. We discern no reason of policy which would require plaintiffs to file simultaneously two separate actions based upon the same facts in both state and federal courts since "duplicative proceedings are surely inefficient, awkward and laborious." (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 420; but see *Rumberg* v. *Weber Aircraft Corp.* (C.D.Cal. 1976) 424 F.Supp. 294.)

Furthermore, since the federal court action was timely filed, defendants were notified of the action and had the opportunity to begin gathering their evidence and preparing their defense. No prejudice to defendants is shown, for plaintiffs' state court action was filed within one week of the dismissal of the federal suit. To apply the doctrine of equitable tolling in this case, in our view, satisfies the policy underlying the statute of limitations without ignoring the competing policy of avoiding technical and unjust forfeitures.

Defendants contend, however, that the equitable tolling doctrine should be held inapplicable to actions against public entities. Their main premise is that the limitation provisions of the Tort Claims Act were intended to serve two purposes. The "primary" aim of such statutes, to provide prompt notice of potential litigation, is satisfied by the claim filing provisions of the Tort Claims Act. A "subsidiary" function not

necessarily involved in private litigation generally is the prompt resolution of disputes. According to defendants, although this latter policy is a subsidiary aim of statutes of limitation generally (*Elkins* v. *Derby, supra,* at p. 417, fn. 4), nevertheless, in light of the need for orderly fiscal planning, the prompt resolution of claims is an essential aspect of the Tort Claims Act. (See Recommendation and Study Relating to the Presentation of Claims Against Public Entities, 2 Cal. Law Revision Com. Rep. (1959) pp. A-7, A-73.)

Defendants rely upon cases which indicate that litigants must strictly comply with statutes specifying the period for commencement of actions against public entities (e.g., *Chase* v. *State of California, supra,* 67 Cal.App.3d 808; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77 [31 Cal.Rptr. 524]). From this premise they argue that the Legislature has made clear its intent that the mere giving of prior notice to a public agency is insufficient to toll the statute of limitations. For example, in *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], we held that the tolling provision in favor of minors (Code Civ. Proc., § 352) was applicable in a suit against a public entity, where the plaintiff's *claim* had been timely filed, but where the *complaint* was filed after expiration of the six-month period, but during plaintiff's minority. The Legislature responded to this decision by promptly amending section 352 to preclude its application to suits against public entities. (Recommendation Relating to Sovereign Immunity: Number 9—Statute of Limitations in Actions Against Public Entities and Public Employees, 9 Cal. Law Revision Com. Rep. (1969) p. 49.)

However, neither the Legislature's action in amending section 352 nor the cases which strictly construe the limitation provisions of the Tort Claims Act are dispositive of the present case. Here, plaintiffs not only duly filed their claims with the respective public entities, but they also timely filed their original federal suit within the statutory period. The present state action asserts the same state law claims that were raised in the federal suit. Finally, and of some significance, the printed "warning" contained in defendants' claim rejection letters did not specify that plaintiffs were required to file an action in *state* court within six months; the letter gave no indication that filing suit in federal court would not comply equally with the statutory mandate.

█ We have previously indicated that the equitable tolling doctrine fosters the policy of the law of this state which favors avoiding forfeitures

and allowing good faith litigants their day in court. ▆▆▆ As with other general equitable principles, application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the Tort Claims Act limitations statute. (See *City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423]; *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297 [61 Cal.Rptr. 661, 431 P.2d 245].)

▆▆▆ In our view, the balance in this case must be struck in plaintiffs' favor. If the tolling doctrine were not applied, plaintiffs would be denied a hearing on the merits of their claim. The doctrine's application, on the other hand, should not substantially undermine the policy of prompt resolution of claims. As we have noted, plaintiffs filed their state court action within nine months after their right to sue arose and by reason of the federal suit, defendants were fully notified within the six-month statutory period of plaintiffs' claims and their intent to litigate. Defendants were informed at all times of the nature of plaintiffs' claims. Any delay resulting from plaintiffs' original erroneous choice of forum was minimal. Unlike our decision in *Williams* v. *Los Angeles Metropolitan Transit Authority, supra,* 68 Cal.2d 599 which raised the prospect of *a 21-year tolling period,* under the circumstances herein minimal uncertainty or delay could result when the limitations period is tolled during pendency of a timely filed federal suit subsequently dismissed for lack of jurisdiction.

The judgment is reversed and the cause remanded to the superior court with directions to overrule defendants' demurrer.

Tobriner, Acting C. J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.