**Phyllis BREWER, as Guardian ad litem for David M. BREWER, a minor, Plaintiffs,**

**v.**

**CITY OF EL CERRITO; Patrick Reeve, Chief of Police, City of El Cerrito; El Cerrito Police Department; Gary Yancy, District Attorney, County of Contra Costa; District Attorney's Office, County of Contra Costa; Harold Franklin, District Attorney's Investigator, County of Contra Costa; Lt. David Edmondson, and Capt. Bruce Nelson, all individually, and as agents, servants, and/or employees of the El Cerrito Police Department, The City of El Cerrito or The County of Contra Costa, Defendants.**

No. C–85–4514–CAL.

United States District Court, N.D. California.

March 24, 1987.

As Amended July 31, 1987.

Stephen Bruce Bley, Inc., Bley and Bley, John F. Prentice, Robert E. Gyemant, Lisa P. Foster, Niesar, Kregstein & Cecchini, San Francisco, Cal., for plaintiffs.

Thomas A. Watrous, Gordon, DeFraga, Watrous and Pezzaglia, Martinez, Cal., for Reeves, City of El Cerrito, El Cerrito Police Dept., Edmunds & Nelson.

James Fitzgerald, III, Sellar, Hazard, Snyder, Kelly & Fitzgerald, Walnut Creek, Cal., for Contra Costa County, Yancy & Franklin.

## AMENDED OPINION REGARDING MOTIONS FOR DISMISSAL AND SUMMARY JUDGMENT

LEGGE, District Judge.

Plaintiff, a juvenile male, alleges that he was sexually molested by a police officer in the officer's home. Plaintiff's mother brings this suit on behalf of her son against various city and county employees and against the city and the county in which the incident occurred. Plaintiff alleges violations of his civil rights, claiming that defendants, acting under color of state law, deprived him of his Eighth and Fourteenth Amendment rights. Plaintiff also alleges various state tort claims.

### I.

Defendants have moved either to dismiss the action under Fed.R.Civ.P. 12(b)(6) or for summary judgment under Rule 56.[1] The motions were briefed, argued, and submitted. The court has reviewed the record, the arguments of counsel, and the applicable authorities.

For the reasons stated below, the court concludes that: (1) plaintiff's complaint fails to state a cause of action for a civil rights violation under the Eighth Amendment; (2) plaintiff's evidence fails to create a genuine issue of material fact as to his Fourteenth Amendment claim; (3) since the

---

1. Defendant David Bell was the El Cerrito police officer who allegedly sexually molested plaintiff David Brewer. Bell later committed suicide and his estate has settled with plaintiff.

Defendant Harold Franklin is an investigator in the Contra Costa District Attorney's Office. Contra Costa District Attorney Gary Yancey and the County of Contra Costa are also named as defendants. Franklin, Yancey and the County ("the Contra Costa defendants") moved to dismiss or for summary judgment on November 21, 1986. The court granted partial summary judgment for the Contra Costa defendants in an unpublished order and opinion filed December 31, 1986.

The other defendants (the "El Cerrito defendants") include Captain Bruce Nelson, Lt. David Edmondson, El Cerrito Police Chief Patrick Reeve, the City of El Cerrito and the El Cerrito Police Department. At a hearing on February 26, 1987, the El Cerrito defendants moved for summary judgment on the federal claims.

At that time, all defendants also moved to dismiss the pendent state claims. And plaintiff moved under Rule 60(b) for relief from the December 31, 1986 order dismissing the federal claims against the Contra Costa defendants.

By order filed March 24, 1987, this court denied plaintiffs' motion for relief from dismissal and granted defendants' motions on both the federal and state claims.

This opinion encompasses the court's rulings of December 31, 1986 and March 24, 1987.

deprivation of a constitutional or federally recognized right is a predicate to a civil rights violation, judgment must be entered for defendants on plaintiff's federal claims; and (4) the court should exercise its discretion to dismiss the pendent state claims.[2]

## II.

A defendant is liable for a civil rights violation when, acting under color of state law, he deprives another individual of a federal right secured by the United States Constitution or by federal law. 42 U.S.C. § 1983; *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Plaintiff alleges that the defendants deprived him of his Eighth and Fourteenth Amendment rights.

## III.

■ Plaintiff claims that defendants falsely imprisoned him in violation of the Eighth Amendment when they asked him to go into the home of police officer Bell without having an adequate way to monitor what occurred inside the house or to extricate plaintiff should something adverse occur. Plaintiff and defendants had reason to believe that Bell had previously engaged in sexual misconduct and that he had invited plaintiff into his house for that purpose. Plaintiff and defendants agreed that plaintiff would accept Bell's invitation in an attempt to obtain evidence against Bell. Plaintiff charges that while so falsely imprisoned, he was subjected to cruel and unusual punishment—specifically, sexual molestation—in violation of the Eighth Amendment.

Historically, any consideration of whether a form of punishment was cruel and unusual has been limited to the criminal setting. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (incarceration without medical care); *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (execution for murder); *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968) ($20 fine for public drunkenness). In its latest decision on the scope of Eighth Amendment protection, the U.S. Supreme Court declined to expand the application of the proscription against cruel and unusual punishment to corporal punishment in public schools. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). These decisions of the U.S. Supreme Court preclude plaintiff's Eighth Amendment claim here.

Plaintiff argues that the determinative factor in *Ingraham* was that public schools had certain safeguards against the imposition of cruel and unusual punishment that are not present in the prison system. The *Ingraham* Court did recognize that school children have little need for the protections of the Eighth Amendment. It observed that schools are open institutions, unlike prisons, so that students are not physically restrained from leaving the premises. Further, the Court noted that there are other students and teachers present who may witness and protest abuses. *Ingraham*, 430 U.S. at 670, 97 S.Ct. at 1412.

While these elements played a role in the Court's decision in *Ingraham*, they were not necessarily the determinative factors. The Court, in reviewing the original scope and subsequent application of the Eighth Amendment, concluded that its protective force only applied to those convicted of crimes. *Id.* at 664, 97 S.Ct. at 1408;[3] *see also United States v. Ritter*, 752 F.2d 435, 438 (9th Cir.1985).

■ Although plaintiff here found himself alone with a police officer, and may have been effectively detained against his will, this sort of detention is not analogous to the formal incarceration of a prisoner. Further, the actions of defendants in devising and implementing the plan to entrap

---

**2.** The court acknowledges the assistance of Leon Tuan in the preparation of this opinion.

**3.** The *Ingraham* Court acknowledged that some punishments, though not labeled "criminal" by the state, may be sufficiently analogous to criminal punishments to justify Eighth Amendment

protection. The Court suggested that persons involuntarily confined in mental or juvenile institutions may have that protection. *Ingraham*. 430 U.S. at 669 n. 37, 97 S.Ct. at 1411 n. 37. However, this case is far removed from those situations.

Bell, while unwise in retrospect, cannot be characterized as a form of "punishment" of plaintiff.

Since plaintiff has failed to establish a violation of his Eighth Amendment rights, he has failed to state a cognizable civil rights claim on that basis.

## IV.

Plaintiff also charges that his Fourteenth Amendment right not to be deprived of liberty without due process of law was violated. Plaintiff alleges that Bell's molestation deprived him of a liberty interest.

The right to be free from unjustified intrusions on one's person has been recognized as a protected liberty interest under the Fourteenth Amendment. *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); *Ingraham v. Wright*, 430 U.S. at 673, 97 S.Ct. at 1413.

Plaintiff asserts that defendants deprived him of this liberty interest without due process of law when they abused their governmental powers by placing plaintiff in a potentially dangerous situation without having a means to monitor his safety or to rescue him if necessary. Deliberate abuses of governmental power which serve to deprive a person of a protected interest can constitute a denial of due process. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *Davidson*, 106 S.Ct. at 670. However, the U.S. Supreme Court has also held that where government officials are merely negligent in causing unintended injury to life, liberty or property, the due process clause of the Fourteenth Amendment is not implicated. *Daniels*, 106 S.Ct. at 665; *Davidson*, 106 S.Ct. at 670. So, the nature of defendants' conduct is vital to whether plaintiff has a Fourteenth Amendment claim here.

Plaintiff has inconsistently pleaded the culpability of these defendants. In one portion of his complaint plaintiff charges that Franklin, who devised the undercover plan, knew "or in the exercise of ordinary care should have known" that plaintiff could be molested by Bell. In another portion of the complaint, plaintiff alleges that defendants maliciously and intentionally deprived him of his constitutional rights.

Whether plaintiff has pleaded negligent or intentional conduct, he is not entitled to relief against these defendants under the Fourteenth Amendment. If plaintiff's claim is negligence, then his cause of action is insufficient as a matter of law. The Supreme Court, in both the *Daniels* and the *Davidson* decisions, expressly stated the negligence of government officials cannot constitute a deprivation of due process. If plaintiff has pleaded intentional misconduct, then he has *alleged* a cognizable claim. However, on summary judgment, this court must look beyond the pleadings in order to determine whether plaintiffs have shown a genuine issue of material fact or whether defendants are entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The initial burden is on the moving parties to demonstrate the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Evidence is construed in favor of the party opposing the motion and that party is given the benefit of all favorable inferences. *Anderson*, 106 S.Ct. at 2513; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Defendants have provided evidence supporting their contention that they did not act intentionally to deprive plaintiff of his constitutional rights. This evidence includes the declaration of Harold Franklin, the memorandum of Bruce Nelson, and the deposition of David Brewer. Since defendants have set forth that evidence in support of their motion for summary judgment, plaintiff cannot rest on the allegations of his complaint but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 106 S.Ct. at 2553; *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1610. The record demonstrates that plaintiff has not presented any evi-

dence to support his assertion that defendants acted intentionally, and he has thus failed to raise a genuine issue of material fact.

Plaintiff agreed to work with defendants to gather evidence against the officer. He did so voluntarily, and with the concurrence of his mother and an adult friend of the family (although plaintiff now argues that the consent was not properly given). Plaintiff was provided with a voice-activated recorder, although not with a "wire" for simultaneous transmission. Another police officer, who was acting as "backup" for plaintiff, monitored the house. And plaintiff was instructed to leave the house if overt sexual advances were made, although plaintiff says he did not do so because he became frightened. These acts do not constitute an intentional deprivation of rights. Even though defendants' actions were taken pursuant to a plan, it was a plan plaintiff agreed to. And it is not the formation of a plan that is the gravamen of plaintiff's complaint, but how well or how badly the plan was performed. Even accepting all of plaintiff's arguments about how the plan was deficient, and how defendants' various acts or omissions were deficient, they do not demonstrate an *intentional* deprivation of rights.

Accordingly, summary judgment must be granted for these defendants on plaintiff's Fourteenth Amendment claim.

In *Daniels*, 106 S.Ct. at 667 n. 3, and *Davidson*, 106 S.Ct. at 670–71, the Supreme Court left open the question of whether gross negligence or recklessness can form the basis of a due process claim. However, neither the Supreme Court nor the Ninth Circuit has answered that question affirmatively. Absent such a holding, this court declines to adopt those standards here. And even if one of those standards were applicable, this court does not believe that the undisputed facts stated above could rise to the level of gross negligence or recklessness.

## V.

◼ The defendants have also moved to dismiss the pendent state claims for lack of subject matter jurisdiction, since the federal claims are being dismissed.

Pendent jurisdiction over state claims exists where a sufficiently substantial federal claim is alleged and where state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), "The ultimate lack of merit of the federal claim does not mean that the claim was not substantial, for purposes of conferring jurisdiction." *In re Nucorp Securities Litigation*, 772 F.2d 1486, 1490 (9th Cir.1985) (*citing*, C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3564, at 73 (2d ed. 1984)). Only where a federal claim is "absolutely devoid of merit" or "obviously frivolous" is the court without jurisdiction. *Id.* at 1490. In light of the uncharted legal terrain recognized by *Davidson* and *Daniels*, plaintiff's federal allegations were substantial enough to confer subject matter jurisdiction on this court.

This court has therefore jurisdiction over plaintiff's state claims. But the decision to exercise that jurisdiction is within the court's discretion. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Nucorp*, 772 F.2d at 1491; *see*, Wright, Miller and Cooper, § 3567.1, at 114. The federal courts are divided on whether pendent state claims should be retained when the federal claims are dismissed prior to trial. *Compare, Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir.1984) ("[w]hen federal claims are dismissed before trial, as Jones' section 1983 claims was here, pendent state claims also should be dismissed"); *Hodge v. Mountain States Telephone & Telegraph Co.*, 555 F.2d 254, 261 (9th Cir.1977) (reversing district court which had exercised discretion to decide state claims after summary judgment granted on federal claims); *with Nucorp*, 772 F.2d at 1491 (endorsing district court's retention of pendent claims as "not only sound but commendable discretion"); *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 904 (9th Cir.1983) (district court acted within discretion to reach pendent claims where court and litigants had spent considerable

time on state claims); *see also, Ingram Corp. v. J. Ray McDermott & Co., Inc.,* 698 F.2d 1295, 1320 (5th Cir.1983); *Jason v. Fonda,* 698 F.2d 966, 967 (9th Cir.1982); *Gray v. International Ass'n, etc.,* 447 F.2d 1118, 1120 (6th Cir.1971); *Gem Corrugated Box Corp. v. National Kraft Container Corp.,* 427 F.2d 499, 501 n. 1 (2d Cir.1970); Wright, Miller & Cooper § 3567.1 at 133–36.

The decision on whether to retain jurisdiction, like the decision to exercise pendent jurisdiction generally, should be guided by concerns of judicial economy, fairness and convenience. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *Nucorp,* 772 F.2d at 1491. This action has been pending in this court for nearly two years. Discovery is virtually completed and the case is almost ready for trial. On the other hand, all federal claims have now been dismissed and the only claims to be litigated are state law claims. The substantive and procedural law to be applied, particularly regarding the liability of municipalities and their agents, is state law. The court is also advised that the parties can be at trial in Contra Costa Superior Court as rapidly as in this court.

The court is concerned that plaintiff's state law claims may be barred by California's six-month statute of limitations.[4] Cal. Govt.Code § 945.6. Other circuits have held that a district court abuses its discretion in dismissing a pendent state claim where the statute of limitations has already run. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.,* 735 F.2d 414, 428 (11th Cir. 1984); *O'Brien v. Continental Illinois National Bank & Trust Co.,* 593 F.2d 54, 64–65 (7th Cir.1979); *see,* Wright, Miller & Cooper § 3567.1, at 127–32.

Confronted with like situations, other federal circuits have endorsed a dismissal designed to insure plaintiff's day in court in the state forum. In *Financial General Bankshares, Inc. v. Metzger,* 680 F.2d 768, 778 (D.C.Cir.1982), the appellate court instructed the district court to dismiss the pendent state claims on condition that plaintiff file a state court action, that defendant waive the statute of limitations, and that the parties stipulate to the admissibility of evidence from the federal action. *Accord, Duckworth v. Franzen,* 780 F.2d 645, 657 (7th Cir.1985), *cert. denied,* — U.S. —, 107 S.Ct. 71, 73 L.Ed.2d 28 (1986).

The court concludes that judicial economy, fairness and efficiency will be served by trying plaintiff's state law claims in state court. The court exercises its discretion to dismiss the pendent state claims upon the following conditions:

1. The defendants shall submit to the jurisdiction of the Superior Court of the State of California in and for the County of Contra Costa.

2. The defendants shall waive or toll all statutes of limitations for the period of time between the date of the filing of this action and the date of the final judgment resulting from this order.

3. The defendants shall consent to the use of the discovery taken in this action in the state court case.

4. The defendants shall stipulate with plaintiffs to obtain the earliest trial date available on the calendar of the court.

## VI.

IT IS ORDERED that:

(1) The motions to dismiss and for summary judgment of all defendants are GRANTED as to plaintiff's Eighth and Fourteenth Amendment claims.

(2) Plaintiff's motion under Rule 60(b) is DENIED. The court has reviewed the purported new evidence and concludes that nothing is raised which changes the decisions made in the opinion and order of December 31, 1986.

(3) The motions of all defendants to dismiss the pendent state claims are GRANTED. The court exercises its discretion to

---

4. Defendants suggest that the statute might be equitably tolled under state law. *Addison v. State,* 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). Although *Addison* is a case closely on point to the present one, the doctrine of equitable tolling offers plaintiff only limited solace as the state court will not necessarily choose to invoke the equitable doctrine.

dismiss the state claims on the conditions set out above.