892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CONWAY, Plaintiff-Appellant,
v.
Pamela JOHNSON, M.D., Joe Vatter, M.D., Daniel Buhler, M.D.,
Oakland Police Officer, A. Boyuvich (Badge No.
353), Oakland Police Officer, R. Hassan
(Badge No. 645), et al.,
Defendants-Appellees.
 Nos. 87-1824, 87-2219.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1989.*
Decided Dec. 11, 1989.
 
 Before ALARCON, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The plaintiff, James Conway, appearing pro se, appeals from the district court's orders dismissing the action brought under 42 U.S.C. §§ 1983 and 1985 because the statute of limitations had run and denying his request for reconsideration and leave to amend brought under Federal Rule of Civil Procedure 59(e). We affirm.
 
 
 3
 Conway's complaint alleged that his civil rights were violated when the defendants refused to admit him to a hospital and allegedly subjected him to false arrest and assault when he attempted to transfer himself there after allegedly receiving inadequate care at the hospital which originally treated him. He further alleged that the defendants conspired to violate his civil rights. These events took place on December 28, 1986. He filed his complaint in federal district court on December 30, 1987. After receiving written memoranda from the parties and hearing oral argument, the district court dismissed Conway's complaint on March 12, 1987. The district court subsequently denied Conway's motion for reconsideration and leave to amend under Rule 59(e) after receiving more memoranda and oral argument.
 
 
 4
 Conway argues that the court did not use the proper limitations period and that the court improperly denied his motion for reconsideration and leave to amend because he is a pro se litigant. We disagree.
 
 
 5
 * THE STATUTE OF LIMITATIONS
 
 
 6
 The district court did not err when it originally dismissed the action. The district court must apply the state statute of limitations that applies to personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). If the state has a residual statute of limitations for personal injuries that statute should be used rather than a specific statute that only refers to distinct types of enumerated torts. Owens v. Okure, 109 S.Ct. 573, 582 (1989). In California the residual statute of limitations for personal injury is California Code of Civil Procedure § 340(3) which provides a one-year time limit "for injury to or for the death of one caused by the wrongful act or neglect of another." Thus, Conway's action, which was brought on December 30, 1987, exceeded the one-year limit for the injuries allegedly caused on December 28, 1986.
 
 
 7
 Conway contends that California's equitable tolling doctrine should apply to save his late federal claim because he had filed a timely tort action in California state court. We disagree. While Conway is correct in his assertion that California tolling principles should apply to his federal claims, at least absent some federal policy which is inconsistent with the state tolling doctrine, Donoghue v. County of Orange, 848 F.2d 926, 930 (9th Cir.1987), California's equitable tolling doctrine does not apply here. "The doctrine applies to save a state claim from dismissal when a plaintiff has reasonably pursued a concurrent federal remedy." Id. (emphasis added). In the present case, Conway is attempting to save a federal civil rights claim by filing a tort suit in state court. In addition, tolling usually applies when the litigant is barred for some reason from pursuing his or her first action. See Addison v. State, 21 Cal.3d 313, 319, 146 Cal.rptr. 224, 227 (1978) (setting forth equitable tolling principles using as examples only cases in which first action was dismissed for some reason). There is no evidence here that Conway's state court suit was barred. Thus, equitable tolling does not apply in the present case.
 
 II
 PLAINTIFF'S REQUEST TO RECONSIDER AND AMEND
 
 8
 Conway argues that the court abused its discretion for failing to allow him to amend his complaint. He contends that as a pro se litigant he deserved another chance to amend. We affirm the district court's denial of Conway's motion.
 
 A. Standard of Review
 
 9
 Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.1988), cert. denied, 109 S.Ct. 561 (1988).
 
 B. Discussion
 
 10
 It is absolutely clear that Conway could not have cured his complaint by amendment. Conway's proposed amendment would have added a claim that he was wrongfully denied admittance to another hospital in May of 1986 by another doctor who allegedly conspired with the original defendants. This claim would not have affected the running of the statute of limitations on the December 28, 1986 injuries under the Ninth Circuit's 'last overt act doctrine.' Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987).
 
 
 11
 In Gibson, we stated that under the last overt act doctrine "[i]njury and damage in a civil conspiracy action flow from the overt acts, not from the 'mere continuance of a conspiracy.' Consequently, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff." Gibson, 781 F.2d at 1340 (citations omitted). Thus, even if Conway could allege an ongoing conspiracy with respect to the May 26, 1987 incident, the December 28, 1986 overt act would still fall outside the limitations period. See id. (only overt acts "specifically alleged to have occurred within the ... limitations period" may be recovered upon).
 
 
 12
 Conway's argument that the district court failed to give him the procedural benefits guaranteed a pro se litigant under Noll v. Carlson, 809 F.2d 1446, (9th Cir.1987) is without merit. The district court gave Conway every chance to be heard, allowing Conway to respond both in writing and orally to the motions to dismiss. Conway had adequate notice of the proposed grounds for dismissal in order to prepare an adequate response.
 
 
 13
 Because it is absolutely clear that amendment could not cure the deficiency in the complaint the district court's denial of Conway's motion to reconsider was not an abuse of discretion.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3