**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HIBU INC., f/k/a YELLOWBOOK INC. and YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PLOTKIN FINANCIAL, INC. d/b/a PLOTKIN BAIL BONDS, A DORRY PLOTKIN BAIL BONDS COMPANY AND BAIL-BONDS.COM, <br><br> Defendant-Appellee. | No.   16-55482 <br><br> D.C. No. 8:14-cv-01543-CJC-JCG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Plaintiff hibu Inc. ("hibu") appeals the district court's order granting defendant Plotkin Financial, Inc.'s ("Plotkin") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  We have jurisdiction under 28 U.S.C. § 1291.  We review "de novo" whether the district court erred when it granted judgment on the pleadings.  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).  Also, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation and internal quotation marks omitted).  We find that the allegations of the complaint are sufficient to invoke the doctrine of equitable tolling, and REVERSE and REMAND for the district court to consider California's three-pronged test.

The question of whether the statute of limitations period has been equitably tolled under California law generally requires consideration of matters outside the pleadings.  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001) (en banc) (citing *Cervantes*, 5 F.3d at 1276).  "[O]nly in the rare case could the inquiry proceed at the pleading stage."  *Id.*  As we have noted,

2

"California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation." *Cervantes*, 5 F.3d at 1276.

"Equitable tolling is a judge-made doctrine" under California law, which operates "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370, 2 Cal. Rptr. 3d 655, 661, 73 P.3d 517, 523 (2003), *as modified* (Aug. 27, 2003). California law "favors avoiding forfeitures and allowing good faith litigants their day in court." *Addison v. State of California*, 21 Cal. 3d 313, 320-21, 146 Cal. Rptr. 224, 578 P.2d 941 (1978). The purpose of a statute of limitations is to prevent the litigation of stale claims by providing defendants with notice in time to prepare a fair defense on the merits, and to require plaintiffs to diligently pursue their claims. *See Daviton*, 241 F.3d at 1137; *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1099, 68 Cal. Rptr. 2d 590 (1997). But the equitable tolling doctrine has been developed to "ensure that a limitations period is not used to bar a claim unfairly." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). The purpose of the doctrine is "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Addison*, 21 Cal. 3d at 316, 146 Cal. Rptr. 224, 578 P.2d 941.

3

Under California law, equitable tolling has been broadly applied to avoid the injustice of dismissing what would otherwise be time-barred claims, where three factors are met: "(1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Hatfield*, 564 F.3d at 1185 (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924, 191 Cal. Rptr. 681, 685 (1983)). The district court erred when it deemed the doctrine of equitable tolling inapplicable because hibu did not have "various remedies" at the time it filed its state court lawsuit. Indeed, the doctrine typically applies "[w]hen an injured person has several legal remedies, and reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100, 84 Cal. Rptr. 3d 734, 741, 194 P.3d 1026, 1031 (2008) (citation and internal quotation marks omitted). But the doctrine has been more liberally construed to apply in other situations as well, such as where the plaintiff mistakenly files in the wrong forum. *Hatfield*, 564 F.3d at 1184-86 (tolling claimant's individual claims based on dismissal of claimant's nearly identical class action in state court for lack of personal jurisdiction); *Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP*, 676 F.3d 1354, 1363 (Fed. Cir.

4

2012) (tolling limitations period where prior state court suit dismissed for want of jurisdiction and ambiguity in law as to proper forum).

The doctrine has also been applied where a plaintiff files an action in good faith which is later deemed defective. *See Nichols v. Canoga Indus.*, 83 Cal. App. 3d 956, 960, 963-64, 148 Cal. Rptr. 459 (1978) (earlier filed federal suit dismissed as time-barred); *Addison*, 21 Cal. 3d at 317, 321, 146 Cal. Rptr. 224, 578 P.2d 941 (earlier filed federal suit dismissed for lack of jurisdiction). The limitations period has also been equitably tolled under California law where a plaintiff voluntarily dismissed a federal lawsuit, which had been improvidently removed from state court, and later refiled the state court action. *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 41-42, 262 Cal. Rptr. 716, 741 (1989). Notably, the doctrine has also been applied where it serves the public policy of encouraging settlements. *See Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal. 3d 674, 693, 274 Cal. Rptr. 387, 778 P.2d 1230 (1990) (equitable tolling applies to one-year limitations period under Insurance Code § 2071 while an insured awaits an insurer's decision on a claim), *as modified* (Dec. 13, 1990).

The policy reasons California courts have recognized in support of equitable tolling lead to the conclusion that the doctrine may be invoked here. *Collier*, 142 Cal. App. 3d at 926, 191 Cal. Rptr. 681. First, recognition of the doctrine in this

context "secures the benefits of the statutes of limitation for defendants without imposing the costs of forfeiture on plaintiff[]," *id.*, as Plotkin was put on notice of the underlying claims by virtue of the state lawsuit within the limitations period. Fundamental principles of equity and fairness suggest that Plotkin should not be able to shield itself from liability for hibu's claims based on untimeliness, where it was put on notice of the claims within the limitations period, and its own breached promises to settle the original lawsuit are the reason for the second suit.  Second, a disposition in the state forum made it likely that no subsequent lawsuit would be filed, or that if one was later filed, the earlier investigation of the claim, discovery, and trial preparation in the state action would probably make the subsequent lawsuit in the federal forum easier or cheaper to resolve.

For the foregoing reasons, we remand for further proceedings.  Because the allegations of the complaint are sufficient to invoke equitable tolling, we need not address whether the district court erred when it denied hibu's request for leave to amend.

**REVERSED and REMANDED.**