NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELLA NAVARRETE, an individual and JOSE CASTANEDA, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JESSIE ARANA, an individual named in his personal capacity; et al., <br><br> Defendants-Appellees. | No. 16-55831 <br><br> D.C. No. 2:16-cv-01230-PA-AFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 12, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District Judge.

Marcella Navarrete and Jose Castaneda, video journalists, appeal the district

court's order dismissing their complaint against Officer Jessie Arana, Lieutenant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

Chris Stevens, and Superintendent Michelle King, employees of the Los Angeles Unified School District. Navarrete and Castaneda filed suit twenty-eight months after they allege that Officer Arana wrongfully seized and threatened them when they lawfully attempted to record from a public sidewalk an incident at a high school. The district court dismissed their complaint as barred by California's twenty-four-month statute of limitations and concluded that Navarrete and Castaneda's complaints to Lieutenant Stevens and their efforts to secure compensation from the City of Los Angeles were not sufficient to equitably toll the statutory period. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In California, as in other jurisdictions, "courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison v. State of California*, 21 Cal. 3d 313, 317 (1978). This Court has summarized the elements of equitable tolling under California law:

> A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim.

2

*Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citing

*Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir.1987); *Collier v. City of*

*Pasadena*, 142 Cal. App. 3d 917, 924 (1983)); *see also Addison*, 21 Cal. 3d at 319.

The record reflects that the City considered Navarrete and Castaneda's

claims for less than the four months they need to toll the statute of limitations.

Navarrete and Castaneda filed their claims with the City in or around March 2014,

and the City denied their claims in April and May of 2014. Consequently, the

dispositive issue is whether their complaints to Lieutenant Stevens were sufficient

to trigger equitable tolling.

The interactions with Lieutenant Stevens were insufficient to trigger

equitable tolling for at least two reasons. First, although counsel on appeal argues

for the utility of training and education to prevent future incidents, there is nothing

in the complaint to establish that the interactions with Lieutenant Stevens

constituted the pursuit of a remedy that would "lessen the extent of [Navarrete and

Castaneda's] injuries or damage." *Addison*, 21 Cal. 3d at 317. Second, in these

circumstances, the verbal complaints to an officer's supervisor did not constitute

an alternate "legal remedy" or "claim" to establish equitable tolling. *See Acuna v.*

*San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013) ("The equitable

tolling doctrine generally requires a showing that the plaintiff is seeking an

alternate remedy in an established procedural context."); *65 Butterfield v. Chicago*

3

*Title Ins. Co.*, 70 Cal. App. 4th 1047, 1063 (1999) ("[I]n each of the decisions . . . , the plaintiff took formal legal action in pursuit of its alternative remedy . . . ."); *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1102 (1997) (explaining that equitable tolling applies when there was an "established administrative mechanism in place").

Navarrete and Castaneda's alternate contentions — including the argument that the district court should have dismissed with leave to amend because Navarrete and Castaneda made vague assertions about bolstering the original allegations and their alternative theories of unclean hands and equitable estoppel — lack merit.

Accordingly, the district court is **AFFIRMED.**