NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN SEYMOUR and PHILIP COLAVITO, | No. 17-55293 |
| Plaintiffs-Appellants, | D.C. No. 5:15-cv-01252-DSF-JPR |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY and DOES, 1 through 30, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 16, 2018[**]
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Plaintiffs Dean Seymour and Philip Colavito appeal from the district court's

grant of summary judgment to defendant State Farm General Insurance Company

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("State Farm") on their claims arising from a denial of coverage and from their insurance broker's alleged billing errors. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We agree with the district court that all of Plaintiffs' claims are time-barred, and so we affirm.

1. Plaintiffs' claims for negligence and negligent misrepresentation are barred by California Code of Civil Procedure section 339(1), which establishes a two-year limitations period for claims of professional negligence, including negligence by insurance brokers. *See Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 10 Cal. Rptr. 3d 582, 589–90 (Ct. App. 2004). Plaintiffs' professional negligence claims are based on their insurance broker's faulty billing practices and failure to communicate her office's mistakes to Plaintiffs. These professional negligence claims accrued on April 27, 2010, when the broker's office manager informed Plaintiffs that their Contractor's Policy had been cancelled for nonpayment. *See id.* at 595. But Plaintiffs did not file this lawsuit until June 26, 2015, after the two-year statutory limitations period had run.

State Farm is not estopped from asserting the statute of limitations as a defense to the professional negligence claims because estoppel applies only where the insurance-code violations are ones "upon which the [plaintiff] has relied and by

2

which he has been induced to delay the filing of a claim until after the expiration of the statutory period." *Id.* at 599 (alteration in original). Even assuming that their broker's office violated California's insurance code, Plaintiffs have not alleged that those violations "induced [them] to delay the filing" of their negligence claims. *Id.*

2. Plaintiffs' claims for bad faith and breach of contract are barred by the two-year limitations period in their Contractor's Policy. Plaintiffs' claims for bad faith and breach of contract are grounded on State Farm's denial of coverage under the Contractor's Policy, so the two-year limitations period applies. *See Prieto v. State Farm Fire & Cas. Co.*, 275 Cal. Rptr. 362, 365–66 (Ct. App. 1990). The limitations period began to run on October 13, 2010, when Plaintiffs received the letter from their landlords' lawyer notifying them that their property had been sold. *See Prudential-LMI Commercial Ins. v. Superior Court*, 798 P.2d 1230, 1237–38 (Cal. 1990).

The parties dispute whether Plaintiffs first notified State Farm of the inventory sale on January 20, 2011, equitably tolling the contractual limitations period. *See Hydro-Mill*, 10 Cal. Rptr. 3d at 596. Even assuming that Plaintiffs reported the theft claim on January 20, 2011, however, the district court correctly concluded that these claims are nonetheless time-barred due to Plaintiffs' failure to cooperate in the investigation of their claim. *Cf. 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 37 Cal. Rptr. 3d 795, 802 (Ct. App. 2006); *Addison*

3

*v. State of California*, 578 P.2d 941, 943–44 (Cal. 1978) ("[A]pplication of the doctrine of equitable tolling requires timely notice . . . to the defendant, and reasonable and good faith conduct on the part of the plaintiff."). After reporting the "warehouse claim" on January 20, 2011, Plaintiffs did not respond to State Farm's phone calls and letter requesting additional information and documentation of the claim. Due to Plaintiffs' failure to cooperate, State Farm closed the claim file on February 7, 2011. Thus, any tolling ceased on February 7, 2011, and the two-year clock expired in November 2012—well before Plaintiffs filed this suit in June 2015.

State Farm is not estopped from asserting the contractual limitations period even assuming that it violated provisions of the insurance code by losing or ignoring Plaintiffs' January 20, 2011 theft claim. As discussed above, there is no genuine dispute of material fact as to whether Plaintiffs cooperated with the investigation of their claim, and so Plaintiffs' delay in filing this coverage suit was not the result of Plaintiffs' reliance on State Farm's alleged bad-faith conduct. *See Hydro-Mill*, 10 Cal. Rptr. 3d at 599–600. Moreover, Plaintiffs contend that State Farm's misconduct began in April 2013, when it allegedly concealed that it had lost the January 20, 2011 theft claim and then relied on the allegedly wrongful April 30, 2010 policy cancellation as a pretext for denying coverage. As this misconduct allegedly occurred after Plaintiffs failed to cooperate as of January

4

2011 and the resulting expiration of the two-year limitations period in November 2012, it "cannot, as a matter of law, amount to . . . estoppel." *Prudential-LMI*, 798 P.2d at 1240 n.5.

**AFFIRMED.**