**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD TURNER,

      Plaintiff-Appellee/Cross-
Appellant,

  v.

TRACIE B. RIVERA,

      Defendant-Appellant/Cross-
Appellee,

 and

UNITED STATES OF AMERICA; et al.,

      Defendants.

Nos.  19-16497, 19-16571

D.C. No. 3:17-cv-02265-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted January 11, 2021
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[**] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Following a civil jury trial, psychiatrist Dr. Tracie Rivera was found liable to patient Ronald Turner for professional negligence in the wrongful disclosure of Turner's supposed threat to kill his supervisor. Rivera appeals, and Turner cross-appeals. Finding no error, we affirm the judgment of the district court.

The parties are familiar with the facts, so we do not recite them here.

1. We review de novo a ruling on the appropriate statute of limitations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). Here, Turner alleged that he diligently pursued his claims against Rivera and that he acted reasonably and in good faith. *See Addison v. State*, 21 Cal. 3d 313, 319 (1978) (setting forth elements of California's equitable tolling doctrine). Rivera does not contend that she was prejudiced by Turner's delay in filing the action. Under these circumstances, the district court properly concluded that Turner's allegations were sufficient to survive a motion to dismiss. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (a dismissal under the statute of limitations is generally disfavored where the complaint adequately alleges facts showing that equitable tolling may apply); *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001).

2. Whether a psychotherapist actually believed or predicted a patient posed a serious risk of inflicting grave bodily harm on a reasonably identifiable victim is a question of fact for the finder of fact. *Ewing v. Northridge Hosp. Med. Ctr.*, 16 Cal.

Rptr. 3d 591, 600 (Ct. App. 2004) (citing Cal. Civ. Code §§ 43.92(a), (b)). The jury's finding that Rivera did not actually believe Turner posed a serious threat is supported by substantial evidence in the record. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) ("A jury's verdict must be upheld if it is supported by substantial evidence . . . .") (citation and internal quotation marks omitted)). Rivera was not entitled to immunity under California Civil Code Section 43.92(b) which provides immunity for psychotherapists who properly discharge their duty to warn because they believe the patient poses "a serious risk of inflicting grave bodily injury upon a reasonably identifiable victim." *Ewing*, 16 Cal. Rptr. 3d at 600 (citing Cal. Civ. Code §§ 43.92(a), (b)). Because the jury found that Rivera held no such belief, she is not immune from her medical negligence arising from the disclosure.

3. The district court did not abuse its discretion when it denied Turner's pretrial request to amend the complaint and add claims under the Confidentiality Medical Information Act, for public disclosure of private facts, and for false light invasion of privacy (hereinafter "privacy claims"). *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (a denial of leave to amend is reviewed for abuse of discretion). Turner cites to no authority that obligated the district court to allow amendment at the eleventh hour on the eve of trial.

4. Because the lawsuit was premised on a theory of professional negligence,

3

the district court properly applied the California Medical Injury Compensation Reform Act ("MICRA") limit on noneconomic damages. Cal. Civ. Code § 3333.2. Turner urges this court to reinstate the jury's award in excess of $1 million without remanding for a new trial on his purported privacy claims. We reject Turner's invitation to decide claims on which the jury was not instructed. The district court did not err by limiting the amount of damages under MICRA.

5. Although proof of the standard of care is not required to demonstrate a duty to warn under California Civil Code Section 43.92(a) or to prove the affirmative defense under Section 43.92(b), *see Ewing*, 16 Cal. Rptr. 3d at 601–02, the district court did not abuse its discretion by permitting Turner's expert testimony on the standard of care. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial court's decision to admit or exclude expert testimony is reviewed for abuse of discretion). Rivera invited this error by first urging the district court to require Turner to prove she violated the applicable standard of care before addressing her affirmative defense under California Civil Code Section 43.92. *See Cnty. of Los Angeles v. S. Cal. Edison Co.*, 5 Cal. Rptr. 3d 575, 583 (Ct. App. 2003).

6. The district court's adverse inference instruction was not an abuse of discretion. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002). When Rivera testified at trial, she referred to handwritten

4

notes that she never searched for or produced during discovery. The district court noted that the handwritten notes were the "centerpiece" of Rivera's testimony. The jury instruction permitted, but did not require, the jury to consider the undisclosed handwritten notes in a favorable manner to Turner if it found that she intentionally concealed them. The jury is presumed to have followed the court's instructions, *see Deck v. Jenkins*, 814 F.3d 954, 979 (9th Cir. 2016), and Rivera has not shown that the jury gave undue weight to this particular instruction.

**AFFIRMED.**