921 F.2d 279
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Alan D. CRAIG, Plaintiff-Appellant,
v.
John DOE & Does, et al., Defendants-Appellees.
 No. 90-55155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1990.*
Decided Dec. 21, 1990.
 Before GOODWIN, Chief Judge, and SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan D. Craig, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d).[1] We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id.
 
 
 4
 Here, Craig's amended complaint alleged that personal property was taken from his cell while he was in administrative segregation. Craig alleged that several prison officials were responsible for the loss because they failed to provide adequate security for his property while he was in segregation and they refused to move his cell away from another inmate who allegedly stole from Craig. Craig's amended complaint further alleged that a prison official threw away some of his property and incorrectly compiled a property inventory form.
 
 
 5
 The district court's sua sponte dismissal was proper because Craig's amended complaint lacks an arguable basis in law. See Neitzke, 109 S.Ct. at 1831. First, even if the alleged loss of property was caused by the negligence of prison officials, mere negligence or lack of due care does not constitute a deprivation of a constitutional right, and therefore is not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Second, Craig does not have an arguable section 1983 claim even if prison officials intentionally deprived him of his property because California law provides an adequate post-deprivation remedy for his alleged loss. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Cal.Govt.Code Sec. 900 et seq.[2]
 
 
 6
 Craig's amended complaint also contained allegations of defamation and negligence against several prison officials who investigated his claims of property loss, and against state officials who participated in the administrative adjudication of his claims. The district court properly dismissed these claims as frivolous because they do not amount to violations of any constitutional right and therefore are not cognizable under section 1983. See Neitzke, 109 S.Ct. at 1831.
 
 
 7
 The other issues Craig raises on appeal also are meritless. First, Craig's claim of judicial bias fails because it lacks a factual basis, and Craig argues only that improper bias is evident from the dismissal of his action. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). Second, the notation on the district court docket sheet of a motion filed by Robert Oppenheim appears to be merely a clerical error. Craig was not deprived of his constitutional rights because there is no evidence in the record that any such motion was presented to or considered by the district court. Third, Craig's contention that the district court clerk's record is incomplete fails because the record contains all of the documents relevant to the merits of Craig's claims. Moreover, papers submitted to the district court after the judgment that is challenged on appeal are not part of the record on appeal. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988). Finally, Craig's application for a change of venue, filed after his notice of appeal, did not deprive the district court of jurisdiction to dismiss his complaint, nor was this action appropriate for arbitration.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the in forma pauperis complaint sua sponte before service of process. We interpret this dismissal as a dismissal under 28 U.S.C. Sec. 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 Indeed, Craig admitted in his complaint that he pursued an appeal process provided by the prison and filed a claim with the California State Board of Control, which the Board denied. California law also provides that the Board's decision may be challenged in state court. Craig argues here that he cannot challenge the Board's decision in state court because the statute of limitations ran shortly after he filed this section 1983 action. Nevertheless, Craig's decision not to avail himself of remedies provided by state law does not render the state remedies inadequate to satisfy the requirements of due process. See Parratt, 451 U.S. at 544. Moreover, the statute of limitations may have been tolled under California's doctrine of equitable tolling. See Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 880 n. 7 (9th Cir.1987) (citing Addison v. State, 21 Cal.3d 313, 318-19, 146 Cal.Rptr. 224, 226-27, 578 P.2d 941, 942-44 (1978)), cert. denied, 488 U.S. 827 (1988)