WILLIAM L. HUGHEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hughey v. Commissioner
Docket No. 8336-90
United States Tax Court
T.C. Memo 1991-474; 1991 Tax Ct. Memo LEXIS 523; 62 T.C.M. (CCH) 836; T.C.M. (RIA) 91474; September 25, 1991, Filed *523 Held: Dismissed for lack of prosecution. William L. Hughey, pro se. Debra Lynn Reale, for the respondent. HALPERN, Judge. HALPERN
MEMORANDUM OPINION Pending in this case are respondent's motions to dismiss for failure to prosecute and for sanctions pursuant to section 6673(a)(1). [1]
Respondent determined a deficiency in petitioner's 1982 Federal income tax and additions to tax as follows: Additions to Tax Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
$ 16,062
$ 4,015.50
$ 803.10
50% of the
$ 1,563.78
$ 4,015.50
interest due
on $ 16,062
At the time of filing the petition in this case, petitioner resided in Lake Hughes, California. Respondent determined that petitioner failed to file a Federal income tax return for 1982 reporting the receipt of *524 wages from the County of Los Angeles and interest earned on credit union deposits. In his petition, petitioner claimed that he was not a taxpayer and that respondent had no authority to make deficiency determinations. The case was calendared for trial in Pasadena, California, in June 1991. On May 3, 1991, respondent's counsel sent to petitioner a proposed stipulation of facts and invited him to a stipulation conference on May 9, 1991, or any other convenient time. Petitioner failed to respond in writing or by telephone to that letter and did not appear at the stipulation conference. On May 16, 1991, petitioner left a message for respondent's counsel stating that he would soon be in contact. However, petitioner neither contacted respondent or his counsel nor provided respondent or this Court with a telephone number at which he might be contacted. No correspondence sent to petitioner has been returned to the sender. Petitioner failed to appear at the call of the trial calendar. Because petitioner has failed to make any effort to prosecute this case beyond the mere filing of the petition, good cause exists to dismiss this case. Respondent's motion to dismiss for lack of prosecution *525 will be granted. See Rule 123(b). Respondent also requests a penalty against petitioner under section 6673(a). Under that section, we may impose a penalty not to exceed $ 25,000 where a taxpayer has instituted or maintained proceedings primarily for delay or where the taxpayer takes positions that are frivolous or groundless. Sec. 6673(a)(1)(A) and (B). We agree with respondent that petitioner has not disputed the deficiency and additions to tax except by general disagreement. See Rule 34(b)(4) and (5). Petitioner solely has advanced tax-protestor type arguments of the sort we have rejected as frivolous and without merit, finding suits advancing only such positions to have been instituted primarily for delay. See Bush v. Commissioner, T.C. Memo 1990-157, affd. without published opinion 921 F.2d 279 (9th Cir. 1990); Masters v. Commissioner, T.C. Memo 1989-477, affd. without published opinion 919 F.2d 145 (9th Cir. 1990); Karlin v. Commissioner, T.C. Memo 1989-464. Accordingly, we require petitioner to pay to the United States a penalty in the amount of $ 2,000. An appropriate *526 order and decision will be entered. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩