435 F.Supp. 341 (1977)
Patricia H. MEISCH, Plaintiff,
v.
UNITED STATES ARMY, United States Army Troop Support Command (Troscom) and United States Army Communications Command AgencySt. Louis (USACC AGCYSt. Louis), and United States Civil Service Commission, through its Members (Hampton, Spain & Andolsek), and National Federation of Federal Employees Local No. 405, a Labor Organization, and National Federation of Federal Employees, a Labor Organization, Defendants.
No. 76-1197C(2).
United States District Court, E. D. Missouri, E. D.
August 16, 1977.
*342 Kenneth V. Byrne, St. Louis, Mo., for plaintiff.
George Tilton, Washington, D. C., Schainker & Stern, Michael B. Stern, Clayton, Mo., for defendants.

MEMORANDUM OPINION
REGAN, District Judge.
Plaintiff, a civil service employee at a facility operated by the United States Army through the United States Army Troop Support Command (TROSCOM), and United States Army Communications Command AgencySt. Louis (USACC AGCY), and a member of National Federation of Federal Employees Union Local 405, brings this action against the above named parties, the National Federation of Federal Employees (NFFE), and the United States Civil Service Commission through its members Hampton, Spain and Andolsek, seeking $25,000 damages as well as declaratory relief for defendant employers' wrongful demotion of and refusal to promote plaintiff, for their alleged interference with the processing of her grievance, and for alleged breach of the duty of fair representation by the union. In support of federal jurisdiction the complaint further states:
"[t]his cause of action arises under the laws of the United States, including 5 U.S.C. 701 et seq.; certain Executive Orders concerning government employees; under certain laws and regulations concerning federal employment rights and under the general Labor Laws of the United States, including 29 U.S.C. 185, et seq. and the common law of labor relations and jurisdiction of this Court is invoked under this Section."
Presently before the Court are motions of the Government and the unions to dismiss for failure to state a claim and for lack of subject matter jurisdiction. Having fully considered the matter, in the light most favorable to plaintiff, it is our opinion that said motions should be sustained.
A portion of the complaint centers on the alleged violation of plaintiff's rights under the collective bargaining agreement between TROSCOM, USAAC AGCY and Local 405. Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, cited by plaintiff, confers jurisdiction *343 over labor contract disputes brought by or against unions. The collective bargaining agreement negotiated by the employers and union in this case, however, does not come within the scope of the Act, which Congress chose to limit to contracts between employers and unions engaged in commerce. Since defendant government agencies are not employers whose activities affect commerce, we must conclude that plaintiff's cause of action does not come within the confines of the Act. See 29 U.S.C. § 142(3); 29 U.S.C. § 152(2).
The remainder of the complaint concerns acts or omissions of defendant employers allegedly in violation of federal laws, regulations and executive orders. They include wrongful demotion and denial to plaintiff of job opportunities, wages and fringe benefits on the basis of her sex and age; interference with plaintiff's grievance processing; and the placement of libelous material in her personnel file. In our opinion such claims are defective because none have been set out sufficiently in the complaint, because plaintiff has not exhausted her administrative remedies, and for other reasons stated below.
Looking first at plaintiff's citation of "Executive Orders concerning government employees" we can infer that plaintiff means Executive Order 11491 which sets forth guidelines for employee-management relations within the federal sector. While this order represents a policy formulation by the President for the guidance of federal employing agencies, it does not create a private right of action through which plaintiff could obtain federal question jurisdiction. Local 1498 v. American Federation of Government Employees AFL/CIO, 522 F.2d 486 (3 Cir. 1975).
Sex discrimination claims against federal agencies are governed exclusively by Section 717 of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-16. Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In order to contest an allegedly discriminatory agency action one must follow certain procedure set out in the Act. One can either file suit directly in federal court within 30 days of the agency decision, or one can appeal first to the Civil Service Commission and file in federal court within 30 days of decision by the Commission. Here plaintiff has not established jurisdiction in this Court by setting out the chronology of her case. See Brown, supra. Although we know that she appealed to the Civil Service Commission, and that the appeal was denied as untimely, we do not know whether more than 30 days passed between that decision and the filing of this suit.
Plaintiff's age discrimination claim is governed by Section 633a of the Labor Management Relations Act of 1974, 29 U.S.C. § 633a. Subsection d of Section 633 requires her to give notice of intent to sue to the Civil Service Commission within 180 days of the alleged unlawful practice. Until notice is filed with the Commission no civil action may be commenced. Plaintiff has not established that notice was filed with the Commission.
Plaintiff's age and sex discrimination claims are also barred on the grounds that they should have been filed in the United States Court of Claims. Under 28 U.S.C. §§ 1346(a) and 1491, claims against the United States exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort [must be filed with the Court of Claims]. International Engineering Co. v. Richardson, 167 U.S.App.D.C. 396, 512 F.2d 573 (1975). McClendon v. Blount, 452 F.2d 381 (7th Cir. 1971).
Any tort claim which plaintiff has against defendant agencies, i. e. for interference with the processing of her complaint is also barred for failure to exhaust administrative remedies. Her claim is required to have been filed with the Department of the Army prior to bringing suit in federal court. 28 U.S.C. § 2675. 32 CFR 536.29.
The Administrative Procedure Act, 5 U.S.C. § 701, which plaintiff cites as a basis *344 for jurisdiction, and which provides for judicial review of agency decision for persons aggrieved by those decisions, has been held not to be an independent grant of jurisdiction. Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 decided February 23, 1977.
Finally, any claim which plaintiff might have stated under the Privacy Act of 1974, 5 U.S.C. § 552a, is also void inasmuch as it was not in effect at the time of the alleged acts.
Although plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, we have examined her complaint attempting to find a basis for her claim and for jurisdiction in this Court. See Woody v. Sterling Aluminum Products, Inc., 243 F.Supp. 755 (E.D.Mo.1965). It is our opinion that plaintiff has failed to establish jurisdiction in this Court.
Accordingly, IT IS HEREBY ORDERED that motions of defendants to dismiss be and they are hereby SUSTAINED and an order dismissing this action will be entered.