Curtis W. HALE, Jr., Plaintiff,

v.

**NEW YORK STATE DEPARTMENT OF MENTAL HEALTH, Civil Service Employees Association, Defendants.**

82 Civ. 3518–CSH.

United States District Court,
S.D. New York.

Oct. 22, 1985.

Apfelbaum & Lafazan, New York City, for plaintiff; Stanley Lafazan, of counsel.

Robert Abrams, Atty. Gen., New York City, for N.Y. State Dept. of Mental Health; Randolph Volkell, Asst. Atty. Gen., of counsel.

Roemer & Featherstonhaugh, Albany, for Civil Service Employees Asso.; Pauline F. Rogers Kinsella, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Curtis Hale, Jr. brings this action under Title VII of the Civil Rights Act of 1964, claiming that his discharge from his position as a Mental Hygiene Therapy Aide at the Bronx Children's Psychiatric Center, a state-run facility, was motivated by racial discrimination. Plaintiff's complaint, liberally construed, also alleges that the defendant Civil Service Employee Association ("the Union") failed to provide him

with adequate representation on the charges that led to his termination, and that the defendant New York State Department of Mental Health (the "State") breached its contractual obligations to him.

The State now moves to dismiss the complaint against it for failure to state a claim, pursuant to F.R.Civ.P. 12(b)(6). Because I consider certain exhibits attached to defendant's motion papers, I treat defendant's motion as one for summary judgment, pursuant to F.R.Civ. 56. The relevant uncontroverted facts appear from plaintiff's complaint and defendant's exhibits.

On December 8, 1978, the Director of the Bronx Children's Psychiatric Center sent Hale a letter informing Hale that he would be discharged from his position, effective December 22, 1978, due to Hale's alleged misconduct and incompetency. The Director indicated that Hale had failed to make bed checks on his patients every half hour during the night shift as was required and that as a result, one patient's escape from the facility had not been detected until the next shift of staff arrived. Hale claims he sought to have the charges preferred against him referred to arbitration, but the Union refused to assist him and the State refused to arbitrate the matter. After certain grievance proceedings under the collective bargaining agreement, plaintiff was finally terminated on October 5, 1979.

On June 25, 1980, Hale filed a complaint alleging racial discrimination against defendants with the Equal Employment Opportunity Commission ("EEOC"). On July 25, 1980, he filed a similar complaint against the State defendant only with the New York State Division of Human Rights. The instant action was filed on May 28, 1982.

The State asserts that those portions of his complaint alleging Title VII violations are time-barred since he failed to file his EEOC complaint within one hundred and eighty (180) days after the unlawful discriminatory act occurred. 42 U.S.C. § 2000e–5(e). Defendant argues that the relevant date for measuring the limitations period is December 8, 1978, the date Hale was notified he was to be terminated. Hale contends that the relevant date is October 5, 1979, the date he was actually discharged from his job following an unsuccessful attempt to resolve his complaint under the grievance procedure provided in the collective bargaining agreement governing his position.

It is well-settled that the existence and utilization by plaintiff of grievance procedures does not toll the running of Title VII's limitations period. *International Union of Electrical, Radio & Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240, 97 S.Ct. 441, 449, 50 L.Ed.2d 427 (1976). That limitations period begins to run on the date the plaintiff receives notice of the allegedly discriminatory act, not the date the decision takes effect. *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *O'Malley v. GTE Service Corp.*, 758 F.2d 818, 820 (2d Cir.1985). The timeliness of plaintiff's filing of his EEOC complaint in the case at bar must therefore be measured from the date he received definite notice of his termination, not the date of his actual discharge. *Miller v. International Telephone and Telegraph Corporation*, 755 F.2d 20, 23 (2d Cir.1985); *Shipper v. Avon Products, Inc.*, 605 F.Supp. 701, 705 (S.D.N.Y.1985).

Thus the date on which the alleged discriminatory act occurred in the instant action was December 8, 1978, when Hale received a letter from the Director of the Center, notifying him that he would be terminated from his position on December 22, 1978. In order for Hale's EEOC complaint to be timely under the 180-day limitations period, it would have had to have been filed not later than June 22, 1979. Its filing on June 25, 1980 was therefore untimely, and plaintiff's assertion of his claims under Title VII are thus barred by the statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

Even under the more generous 300-day period for filing which applies when a complaint has initially been filed with a state or local agency,[1] 42 U.S.C. § 2000e–5(e), Hale would still have been required to file his EEOC complaint not later than October 22, 1979. Since he failed to file until 1980, his Title VII claims would be time-barred in any event.

Nevertheless, plaintiff argues that his complaint against the State should not be dismissed in its entirety because he also asserts certain non-Title VII claims against it. In particular, Hale alleges that he has stated a claim for breach of contract against the State, along with a claim against the Union for breach of duty of fair representation. Hale asserts that "actions against an employer for breach of its contractual obligations coupled with the Union's breach of duty to represent the employee pursuant to those contractual violations are governed by a six year statute of limitations" (Plaintiff's brief in opposition at 1), and therefore that portion of plaintiff's complaint against the State is not time-barred.

■ Plaintiff may indeed have a valid breach of contract claim against the State. But this Court lacks subject-matter jurisdiction over such a state law claim in the absence, as here, of diversity of citizenship between the parties.[2]

■ Nor can the Court exercise pendent party jurisdiction over the State assuming, without deciding, that some valid federal cause of action is stated against the Union. *See, Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (Eleventh Amendment bars assertion of state law claims against state officials in federal court even under theory of pendent jurisdiction); *Aldinger v. Howard,* 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976) (pendent jurisdiction not available over a party against whom only a state law claim is asserted, where no independent basis of federal jurisdiction over that party exists).

The defendant State's motion is granted. Plaintiff and defendant Union are directed to proceed in accordance with the Scheduling Order separately entered.

The Clerk of the Court is directed to dismiss the complaint as to defendant New York State Department of Mental Health without costs to either party.

It is SO ORDERED.

---

1. I assume without deciding, as it makes no difference to the result in this case, that Hale's filing of a complaint with the State Division of Human Rights one month *after* his filing of the EEOC complaint still gives him the benefit of the lengthier limitations period set forth in 42 U.S.C. § 2000e–5(e).

2. Although plaintiff's allegations could also be construed as a claim for the State's alleged breach of a collective-bargaining agreement, no federal question under the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141 *et seq.* is raised thereby since states and their political subdivisions are specifically excluded from the definition of employers who are subject to the Act's provisions, 29 U.S.C. § 152(2). *Cf. Meisch v. United States Army,* 435 F.Supp. 341, 342–43 (E.D.Mo.1977) (federal government agencies not employers within the meaning of the Act).